**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARA Incorporated, | No. CV-17-02512-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. (Doc. 17). The Court denies the motion.

## BACKGROUND

In May 2011, Plaintiff ARA entered a factoring agreement with JG Staffing, in which ARA bought JG Staffing's accounts receivable at a discount. (Doc. 1 ¶ 7; Doc. 1, Exh. A). The factoring agreement included a clause that required Minnesota law to govern the construction, interpretation, and enforcement of the contract. (Doc. 1, Exh. A). In March 2015, ARA sued JG Staffing for breach of the factoring agreement, and ARA won a jury award of more than $700,000. (Doc. 1 ¶ 10). In August 2015, JG Staffing entered a separate contract to provide temporary staffing for Defendant City of Glendale. (Doc. 1 ¶ 11). In July 2016, ARA learned about the staffing contract, and it informed the City of Glendale of its asserted right to collect payments for the staffing services. (Doc. 1 ¶ 13). Despite ARA's request, Glendale continued to pay JG Staffing directly for the temporary staffing support. (Doc. 1 ¶ 17). ARA subsequently filed this

lawsuit on July 17, 2017, alleging a breach of UCC and Arizona statutes, as well as breach of contract[1]. (Doc. 1). In its motion to dismiss, Glendale claims that the 2011 factoring agreement does not apply to its present contract with JG Staffing, and even if it did, certain payments are barred by the applicable statute of limitations. (Doc. 17).

**DISCUSSION**

**I. Legal Standard**

The City of Glendale requests the Court to dismiss all claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555. When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted

---

[1] In its complaint which is based on UCC provisions, ARA both attaches and incorporates the factoring agreement, further cites the model provisions of the UCC on which the complaint is based, and provides the statutory location of those UCC provisions in Arizona statute. When the City moved for summary judgment based on Arizona law, ARA pointed out that the factoring agreement, by its own terms, is governed by Minnesota law.

inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.    Analysis**

    **A.    Choice of Law**

The factoring agreement states that it was "made and accepted and shall be construed, interpreted and enforced in accordance with the laws of the State of Minnesota, without regard to conflict of law principles . . . ." (Doc. 1. Exh. A, ¶ 23). Elsewhere, it states that the "terms herein shall have the respective meanings ascribed to them in the Uniform Commercial Code, Minnesota Statutes Chapter 336." (Doc. 1. Exh. A, ¶ 8). Therefore, the Court will use Minnesota law to construe and interpret the 2011 factoring agreement.

    **B.    Whether Factoring Agreement Included After-Acquired Property**

In Minnesota, the legislature adopted the Uniform Commercial Code concerning after-acquired property, which states that "a security agreement may create or provide for a security interest in after-acquired collateral." Minn.Stat. § 336.9-204(a); U.C.C. § 9-204(a). Neither the statute nor any case law before the court specifies that any particular language is necessary for a security agreement to create an interest in after-acquired collateral. Although after-acquired clauses "are a great convenience[,]" using an after-acquired clause in the original security agreement is "not the only means by which perfected security interests can be obtained in subsequently contracted obligations." *James Talcott, Inc. v. Franklin Nat. Bank of Minneapolis*, 292 Minn. 277, 291 (1972).

Minnesota has not explicitly ruled that security agreements for accounts receivable presumptively include after-acquired property, but this is the common approach in other jurisdictions. The Ninth Circuit, for example, presumes that a security interest for accounts receivable includes after-acquired property because accounts receivable are "constantly turning over" and "no creditor could reasonably agree to be secured by an asset that would vanish in a short time in the normal course of business." *In re Filtercorp, Inc.*, 163 F.3d 570, 579 (9th Cir. 1998) (citing *Stoumbos v. Kilimnik*, 988 F.2d

949, 954–55 (9th Cir. 1993). "The position that no express language is required is described as the 'majority' view, . . . or the 'modern trend." *Stoumbos v. Kilimnik*, 988 F.2d 949, 954–55 (9th Cir. 1993) (citations omitted). A Minnesota practice guide explains that Minn.Stat. § 336.9-204 "provides no guidance as to what language is required to obtain a security interest in after-acquired property" and "[b]ecause inventory and accounts are self-liquidating (such that nothing would remain for the secured party if the security interest did not automatically attach to newly acquired inventory or accounts), [a majority of other] courts held that mere use of the word 'inventory' or 'accounts' was sufficient to cover presently existing and after acquired inventory and accounts." 20 Minn. Prac., Business Law Deskbook § 10:18.

ARA's factoring agreement with JG Staffing grants a security interest to ARA in JG Staffing's "business assets, including, without limitation, all accounts . . . ." (Doc. 1, Exh A. ¶ 8). The agreement also defines "Accounts Receivable" to include accounts "arising out of or relating to the sale of temporary staffing or similar services any time or from time to time . . . ." (Doc. 1, Exh A. ¶ 1(a)). Because Minnesota law does not explicitly require an after-acquired clause, and because ARA would not likely agree to be secured by an asset that would be depleted in a short time in the normal course of business, the language in the factoring agreement creates a security interest in JG Staffing's accounts acquired after the agreement's execution in May 2011.

### C.  Statute of Limitations

Separately, Glendale asks the Court to limit ARA's potential recovery due to the applicable statute of limitations. (Doc. 17 at 5). Litigants must file suit against an Arizona public entity within one year after the cause of action accrues. A.R.S. § 12-821. The cause of action accrues when the damaged party realizes he or she has been damaged and knows the cause of the damage. A.R.S. § 12-821.01(B).

Typically, a statute-of-limitations defense is raised in responsive pleadings, although it "may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482,

484 n.1 (9th Cir. 1987) (citation omitted). "Dismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled,'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (quoting *Vaughan v. Grijalva*, 927 F.2d 472, 478 (9th Cir. 1991)), or had otherwise not yet accrued. The Arizona statute of limitations for suits against public entities is subject to waiver, estoppel, and equitable tolling. *Young v. City of Scottsdale*, 193 Ariz. 110, 113 (Ct. App. 1998) (quoting *Pritchard v. State*, 163 Ariz. 427, 432 (1990)). Further it does not accrue until a party realizes that he has been damaged by the defendant. *Walk v. Ring*, 202 Ariz. 310, 315–16 (2002).

On July 29, 2016, ARA sent a letter to the City of Glendale. (Doc. 1, Exh. D). The letter notified Glendale of ARA's security interest in JG Staffing's business assets, and it asked Glendale to pay ARA directly for JG Staffing's services. *Id.* A request for payment is different than a realization that the payment will not be made, and at this stage the Court does not have sufficient facts before it to determine when the statute of limitations accrued. Additionally, the complaint does not address any potential defenses, such as waiver, estoppel, or equitable tolling. The Court does not decide the issue of the statute of limitations because it is not apparent from the face of the complaint, and to decide this issue at this stage would be premature.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 17) is **DENIED**.

Dated this 21st day of March, 2018.

*[signature]*
Honorable G. Murray Snow
United States District Judge