**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARA Incorporated, | No. CV-17-02512-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, | |
| Defendant. | |

Pending before the Court is Plaintiff ARA Incorporated's Motion to Compel. (Doc. 42). The Court grants the motion.

## BACKGROUND

Plaintiff ARA filed a complaint against Defendant City of Glendale and alleges that ARA has a right to collect payments from Glendale for services provided by JG Staffing. (Doc. 1). On September 18, 2017, Glendale disclosed Jeff Griffin and Michele Griffin, the president and vice president of JG Staffing, as potential witnesses with information concerning Glendale's contract with JG Staffing. ARA did not depose the Griffins during the discovery period. On March 30, 2018, the Court-ordered deadline for discovery, Glendale served ARA with supplemental disclosures, including a declaration by both Jeff Griffin and Michele Griffin. The supplemental disclosure included multiple pages of documents of communications between Glendale and JG Staffing, but it did not include six emails written in March 2018 between Glendale's attorney and Michele Griffin concerning the preparation of Ms. Griffin's declaration. ARA filed a motion to

compel these documents. Glendale claimed that the work-product doctrine protects the documents from discovery.

**DISCUSSION**

The work-product doctrine protects against "disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representatives concerning the litigation." Fed. R. Civ. P. 26(b)(3). Generally, discoverable facts are not protected by the work-product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947). To qualify for work-product immunity, documents must: (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (2003); Fed. R. Civ. P. 26(b)(3). The party asserting the work-product immunity has the burden of demonstrating that the at-issue documents are work-product. *Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010).

The Ninth Circuit has not indicated whether communications and drafts of affidavits for third-party witnesses qualify for work-product protection. Some district courts have held that a draft affidavit is a "statement of facts within the personal knowledge of the *witness*, and not an expression of the opinion of counsel." *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306 (E.D. Mich. 2000); *see also Murphy v. Kmart Corp.*, 259 F.R.D. 421, 431 (D. S.D. 2009). To that end, a district court explained that a party should not be able to "interpose the work product doctrine" by "put[ting] words in the mouths of those third-party affiants as part of its litigation strategy." *Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Products, Inc.*, 140 F.R.D. 373, 379 (E.D. Wisc. 1991). Draft affidavits are not protected by the work-product doctrine to the extent that they reveal that the attorney has put words describing facts in the witness's mouth.

> Other district courts, however, have noted that
>> Witness affidavits are typically drafted by counsel and then presented to the witness for his or her approval and signature. . . . Draft affidavits reflect not so much what the witness has said but rather the

> drafting lawyer's impression of what the witness had said. . . . [T]he changes such drafts undergo before being signed by the witness may well reveal the drafting lawyer's mental impressions and strategy. Accordingly, unexecuted drafts of affidavits are protected by the work product privilege.

*Burlington v. News Corp.*, 2010 WL 11474545, fn. 1 (E.D. Pa. June 7, 2010); *see also Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 155 (S.D.N.Y. 2007). The problem with this approach is that it seems to deal with draft affidavits categorically. Although changes in draft affidavits might reveal the drafting lawyer's mental impressions and strategy, they may reveal nothing more than that an attorney phrased factual statements for a witness to adopt. It is the burden of the lawyer claiming the immunity to establish that an exchange of draft affidavits disclosed an attorney's theories or separate mental impressions of a case. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010). Merely stating that the documents are an exchange of draft affidavits and communications relating thereto is insufficient to meet that burden.

In February 2018, Glendale's attorney, Amelia Valenzuela, contacted Michele Griffin on the telephone. (Doc. 49, Exh. 1, ¶ 5). Ms. Valenzuela then drafted declarations for the Griffins, and she revised these declarations based on additional information from Ms. Griffin. (Doc. 49, Exh. 1, ¶¶ 5–6). Ms. Valenzuela completed Jeff Griffin's declaration on March 26 and Michele Griffin's declaration on March 28. (Doc. 49, Exh. 1, ¶ 6). Glendale provided both declarations with additional, responsive documents supplied by the Griffins in their March 30 supplemental responses. (Doc. 49, Exh. 1, ¶ 6). However, Glendale merely attested that work-product immunity protected the drafts, but the City did not provide the drafts to the Court for in-camera review, nor did Glendale otherwise demonstrate that the drafts contain the attorney's theories or mental impressions. In fact, Glendale stated that the original draft affidavit and changes to the draft affidavits reflected information learned from Ms. Griffin, and were not based on attorney's changing theories or mental impressions. (Doc. 49, Exh. 1, ¶¶ 5–6). Because the City of Glendale fails to meet their burden, the Court holds that the work-

product doctrine does not protect the March 2018 emails or draft affidavits.

Although Glendale must turn over the documents, ARA has not shown good cause to take the Griffins' deposition after the conclusion of the discovery deadline. To the extent that ARA wished to discover the Griffins' knowledge of facts surrounding this case, ARA already had adequate opportunity to do so.

**IT IS HEREBY ORDERED** that Plaintiff ARA's Motion to Compel is granted. Defendant City of Glendale must forthwith produce all written correspondence between Defendant or Defendant's counsel and Jeff Griffin or Michelle Griffin, including any attached or associated documentation related to that correspondence.

Dated this 5th day of June, 2018.

Honorable G. Murray Snow
United States District Judge